IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BARRY GLENN THUNDER, | Cause No. CV 20-44-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DARIN YOUNG; DOUG WEBER, | |
| Respondents. | |

This case comes before the Court on Barry Glenn Thunder's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Thunder previously filed a federal habeas petition with this Court.  Thunder's prior petition was dismissed; this Court found that it had been filed in an improper venue and was also an unauthorized second and/or successive petition. See, *Thunder v. Weber, et. al*., Cause No. CV-19-94-M-KLD, Or. at 4-7 (Sept. 5, 2019).

Thunder contends the present petition warrants consideration because it is based upon both newly discovered evidence and a change to Fed. Rule Evid. 807, the residual exception to the rule against hearsay testimony.  (Docs. 1; 1-1.) Thunder also seems to acknowledge that venue is not proper in this Court, but rather lies with the Southern District of South Dakota.  *Id*. at 2.

1

## I.      Analysis

In his previous habeas petition, Thunder challenged both his underlying South Dakota Rape and Possession of Child Pornography convictions and the 60-year prison sentence he received.[1]  Thunder was advised that venue does not lie with this Court and that he cannot file another petition challenging his South Dakota conviction and sentence unless he has first obtained leave from the Eighth Circuit Court of Appeals to do so.  See, *Thunder v. Weber, et. al*., Cause No. CV-19-94-M-KLD, Or. at 6-7 (Sept. 5, 2019).

Setting the venue issue aside, if Thunder believes that the purported basis of his latest petition, specifically that it rests upon allegedly newly discovered evidence and/or a change to the Federal Rules of Evidence, relieves him of the second or successive bar, he is mistaken.  A District Court must dismiss any claim which was presented in a prior habeas petition.  28 U.S.C. § 2244(b)(1).  A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence.  28 U.S.C. § 2244(b)(2).  Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition.  28 U.S.C. § 2244(b)(3).  Thunder is required to raise his grounds for

---

[1] See generally, *Thunder v. Weber, et. al*., Cause No. CV-19-94-M-KLD, Pet. (filed June 5, 2019).

2

making a second or successive petition before the Eighth Circuit, in a motion for leave to file a second or successive petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Until Thunder obtains leave from the proper Court of Appeals to file a successive habeas petition, no District Court, including this one, has jurisdiction to hear his claims.  *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Thunder has filed in the improper venue and there is no doubt this Court lacks jurisdiction.  Thus, there

is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Thunder's Petition (Doc. 1) should be DISMISSED.

2.  The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Thunder may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Thunder must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 8th day of April, 2020.


*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge