IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BARRY GLENN THUNDER, | CV 20–44–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| DARIN YOUNG; DOUG WEBER, | |
| Respondents. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on April 8, 2020, recommending that the Court dismiss Petitioner Barry Glenn Thunder's petition for a writ of habeas corpus as a second and/or successive petition. (Doc. 2.) Thunder timely filed objections to the Findings and Recommendations. (Docs. 3.) Consequently, he is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

-1-

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto determined that the Court lacks jurisdiction over Thunder's petition because he must receive authorization to file a new appeal from the appropriate court of appeals before this Court may consider his filing. Thunder objects, arguing that he has "been trying to obtain leave from the proper Court of appeals to file a successive habeas petition" but that neither the Eighth Circuit nor the Ninth Circuit will accept jurisdiction. (Doc. 3 at 3.) The Court overrules Thunder's objections and adopts Judge DeSoto's Findings and Recommendation in full.

The Court does not review the issue of appropriate venue, addressed at length in Judge DeSoto's order dismissing an earlier petition (Thunder's first in this Court but fourth in any federal court), *Thunder v. NEF-MSP*, 9:19-cv-94 (D. Mont. Sept. 5, 2019).[1] Because Thunder has expressed frustration with the procedural requirements, the Court will attempt to clarify the confusion regarding jurisdiction. If this petition met the requirements of 28 U.S.C. §§ 2244 and 2254,

---

[1] Thunder is in custody in Montana pursuant to an interstate compact agreement. He was sentenced in South Dakota under South Dakota law, although the order in 9:19-cv-94 mistakenly refers to a Minnesota judgment. The Court notes that the District of South Dakota is a more convenient forum but that, if this were the only defect with Thunder's petition, it would simply transfer the petition to that court. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 499 n.15 (1973).

both this Court and the District of South Dakota would have jurisdiction, but South Dakota would be a better forum. *See generally Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 498–99 (1973).

The bigger problem with Thunder's petition is that there is no jurisdiction here or in any federal court because "the legality of [Thunder's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Indeed, this is Thunder's fifth petition. Thus, even if—as Thunder claims in his objections to the Findings and Recommendations—Thunder can succeed on his petition because of new law, new facts, or his actual innocence, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If Thunder would like to seek leave to file a second or successive petition in this Court, he must receive permission from the Ninth Circuit. If he would like to do so in the District of South Dakota—the more appropriate venue—he must seek leave from the Eighth Circuit.

Reviewing de novo, the Court adopts the recommendation to dismiss Thunder's petition. The Court finds no clear error in the remainder of the Findings and Recommendation. It will deny a certificate of appealability, as the governing

law is clear and cannot be reasonably debated.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, IT IS ORDERED:

(1) Judge DeSoto's Findings and Recommendation (Doc. 2) is ADOPTED;

(2) Thunder's Petition (Doc. 1) is DISMISSED;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 8th day of May, 2020.

_____
Dana L. Christensen, District Judge
United States District Court

-4-